UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH NALL, f/k/a TAYLOR, )<br>)<br>　　　　　　　　Plaintiff, )<br>)<br>　　vs. )<br>)<br>ALLIED INTERSTATE, LLC, )<br>LVNV FUNDING, LLC, )<br>)<br>　　　　　　　　Defendants. ) | No. 1:15-cv-00389-WTL-TAB |

**ORDER**

The Court is called upon to decide whether Plaintiff may discover information regarding Defendants' net worth prior to class certification. As this order explains, Plaintiff is entitled to such discovery.

Plaintiff brings suit under the Fair Debt Collection Practices Act, alleging that Defendants improperly attempted to collect a time-barred debt which they further misrepresented in a collection letter. Plaintiff also filed a motion for class certification with her complaint, requesting that briefing be stayed "pending discovery as to class issues, such as net worth and numerosity." [Filing No. 2, at ECF p. 3.]

At the status conference on October 6, 2015, the parties discussed Plaintiff's desire to discover information regarding Defendants' net worth. Defendants objected to this discovery, arguing net worth is sensitive and not relevant, at least prior to class certification. The Court gave parties until October 9, 2015, to provide authority in support of their positions, which was received and is discussed below.

Under the FDCPA, debt collectors are liable for statutory damages for failure to comply with the Act.  15 U.S.C. § 1692k (2012).  Debt collectors are liable to individuals for actual damages, but in class action cases, liability is for actual damages and

> Such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

*Id.* at (a)(1)-(2).

Plaintiff argues that Defendants' net worth is relevant to class certification, providing two docket entries from past cases, *Elliott, et al v. Calvary Investments, LLC*, No. 1:14-cv-01066-JMS-TAB, at Filing No. 31 (S.D. Ind. April 28, 2014) and *Esparza v. Randall S. Miller & Assoc., P.C., et al*, No. 1:08-cv-05940-EEB-SEC, at Filing No. 51 (N.D. Ill. Aug. 12, 2009), along with the published case of *Green v. Monarch Recovery Mgmt., Inc.*, 997 F. Supp. 2d 932 (S.D. Ind. 2014).  Defendants support their objection with *Marshall v. Bonded Adjustment Co.,* No. CV–11–22–RMP, 2011 WL 3882284 (E.D. Wash. Sept. 2, 2011).

The cases cited by Plaintiff support the requested discovery.  *See Green*, 997 F. Supp. 2d at 935-36 (finding net worth helpful in deciding class certification).  Net worth is helpful in evaluating whether a class action is the superior and appropriate method of adjudicating the case. *Id.*; *Bode v. Encore Receivable Management Inc.,* No. 05–CV–1013, 2006 WL 801017, at *1 (E.D. Wisc. March 29, 2006).  This puts net worth within the scope of relevancy under Federal Rule of Civil Procedure 26 because it is "reasonably calculated to lead to the discovery of evidence useful for the determination of whether a class action is superior to other methods of adjudication."  *Bode,* 2006 WL 801017, at *1.  The FDCPA puts net worth directly in issue for anticipated class actions and this information should be made discoverable from the onset.  *Muha v. Encore Receivable Management, Inc.,* 236 F.R.D. 429, 430 (E.D. Wisc. 2006).  "[A] party

need not have a class certified to justify the relevance of a request for a defendant to state its net worth in an FDCPA action." *Bode,* 2006 WL 801017, at *2.

In *Marshall,* the court denied discovery of the defendant's net worth. The *Marshall* court explained that the financial information was sensitive and defendant had a strong interest in its protection. 2011 WL 3882284 at *2. However, *Marshall* is distinguishable because plaintiff had not yet filed a motion for class certification, but only expressed an intention to do so. *Id.* The *Marshall* court denied discovery on net worth because without clearly pursuing a class action under the FDCPA, the debt collector's net worth was not statutorily relevant. *Id.* Since net worth determines the cap on class recovery under the FDCPA, it is relevant and discoverable as soon as the class certification process is initiated. *Green* characterized *Marshall* as an "anomaly." 997 F. Supp. 2d at 935.

Here, Plaintiff has filed her motion for class certification. Defendants' net worth is therefore relevant, as it is the determining factor for capping potential damages. *Green*, 997 F. Supp. 2d at 935-36; *Bode,* 2006 WL 801017, at *1. If Defendants' net worth is high enough to reach the statutory cap (or at least come close), a large class can potentially resolve all claims against Defendants. On the other hand, if Defendants' net worth caps potential damages considerably below the statutory amount, the number of class members may have to be limited or it may turn out that pursuing a class action is not appropriate. Simply put, net worth is relevant prior to the Court's ruling on Plaintiff's motion for class certification in this FDCPA case. Accordingly, Plaintiff is entitled to this discovery.

Date:  10/27/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

3

Distribution:

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com

Katherine H. Tresley
HINSHAW & CULBERTSON LLP
ktresley@hinshawlaw.com

Nabil G. Foster
HINSHAW & CULBERTSON, LLP
nfoster@hinshawlaw.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Angie K. Robertson
PHILIPPS AND PHILIPPS, LTD.
angiekrobertson@aol.com

David J. Philipps
PHILIPPS AND PHILIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHILIPPS, LTD.
mephilipps@aol.com